CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 25 2010

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER DEAN HUBBARD, | |
| Petitioner, | Case No. 7:10CV00273 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA, | By: Glen E. Conrad |
| Respondents. | United States District Judge |

Petitioner Christopher Dean Hubbard, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, plaintiff challenges the revocation of his probation. After reviewing plaintiff's submissions, the court is of the opinion that even though Hubbard has styled his action as a civil rights complaint, the claims are more appropriately filed as a petition for a writ of habeas corpus. Accordingly, the court construes the complaint as a habeas action under 28 U.S.C. § 2254, but finds that it must be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases,[1] because it is clear that Hubbard has not exhausted state court remedies.

Hubbard's submissions indicate that in November 2009, he pleaded guilty in the Henry County Circuit Court to violating the Habitual Offender Act and feloniously eluding police. Based on this same conduct, he was also charged in the same Court with violating conditions of his probation. The Court conducted a probation revocation hearing in December 2009. Hubbard did not dispute the assertions on the violation report and pleaded guilty to violating his probation. The Court accepted the plea and revoked Hubbard's probation, sentencing him to serve one year, with an additional year suspended on the condition of five years of good behavior. Hubbard's appeal of this judgment to the Court of Appeals of Virginia is still pending. (Record No. 0151-10-3.)

---

[1] A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

Hubbard's current claims, related to the revocation proceeding, are brief and unsupported by any clear statement of facts. He apparently complains that the evidence was insufficient to support the conviction and/or sentence, because some statements by a prosecution witness were not true and the Commonwealth did not try to "understand what was said or shown." Hubbard also alleges that the court abused its discretion by revoking his probation. As stated, Hubbard's submissions indicate that his direct appeal from the Circuit Court's revocation judgment to the Court of Appeals of Virginia is currently pending.

A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the challenge to the length of his confinement. Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas. Id. In this case, plaintiff is clearly contesting the legality of his continued confinement in the Virginia prison system. Accordingly, plaintiff's exclusive initial cause of action is in habeas. Id.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with

jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia; or in a habeas petition filed directly in the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1); §17.1-411.

In this case, it is clear that Hubbard has available state court remedies, including his pending appeal in the Court of Appeals of Virginia. It is also clear that he has not presented any of his current claims to the Supreme Court of Virginia as required for exhaustion, pursuant to § 2254(b). For this reason, Hubbard's petition must be dismissed without prejudice.[2] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 25th day of June, 2010.

                                                 _____
                                                 United States District Judge

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the routes described. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).